UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re HAROLD BUNTING,

       Debtor,

SANDWEISS LAW CENTER, P.C.,

       Appellant,

v.                                            Case Number 12-10472
                                               Honorable Thomas L. Ludington

VIRGINIA KOZLOWSKI

       Appellee.
_____/

**ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION**

Motions for reconsideration, the local rules of this Court provide, will be denied if they "merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3). The motion for reconsideration filed by Appellant Sandweiss Law Center, P.C., does just this. It will therefore be denied.

**I**

About twelve years ago, Virginia Kozlowski (at the time, Mrs. Bunting) sought a divorce from her husband, Mr. E. Harold Bunting, in Michigan state court. Trial on division of the marital estate began in 2002. Mr. Bunting has been challenging the division of property ever since. He took five appeals to Michigan's court of appeals. And, when it seemed that he had exhausted his litigation resources, he found a proxy to continue the fight — his lawyer Stuart Sandweiss.

That gentleman, who held a judgment against Mr. Bunting for unpaid attorney fees, initiated an involuntary Chapter 7 bankruptcy proceeding against Mr. Bunting.[1] From the outset of the bankruptcy litigation, however, Mr. Sandweiss acknowledged that he was "going to put the interest of my client [Mr. Bunting] ahead of the interest of my law firm." And Mr. Bunting's interest was advanced by reducing Ms. Kozlowski's share of the marital estate.

Consistent with this interest, Mr. Sandweiss filed a number of objections to Ms. Kozlowski's claim in the bankruptcy court. The court overruled these objections, finding them barred by the *Rooker-Feldman* doctrine.

Appellant challenged that decision by appealing to this Court. His brief enumerated three principal arguments why this Court should reverse the bankruptcy court's judgment. This Court, finding Appellant's arguments to lack merit, issued an opinion and order affirming the judgment of the bankruptcy court.

Appellant now moves for reconsideration.

## II

A motion for reconsideration will be granted only if the moving party identifies "a palpable defect by which the court and the parties . . . were misled" and demonstrates that correcting the defect "will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest or plain." *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981–82 (E.D. Mich. 2010) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)), *aff'd sub nom. Scozzari v. Miedzianowski*, 454 F. App'x 455 (6th Cir. 2012).

---

[1] More precisely, Mr. Sandweiss is a sole practitioner. His firm, Sandweiss Law Center, P.C., is the Appellant in this case. For ease of reading, "Appellant" is given the male singular pronoun "he" throughout rather than the gender neutral "it."

**III**

In moving for reconsideration, Appellant makes four principal arguments. Each is addressed in turn.

**A**

Appellant first asserts that the Court erred in concluding that Appellant was a proxy for Mr. Bunting. Appellant writes:

> [T]he Court concluded that [Appellant] and/or its principal Stuart Sandweiss are proxies for [Mr. Bunting]. This is simply NOT the case. In making its ruling, the Court relied on statements made by the undersigned in April / May 2007 when the bankruptcy case was in its infancy. . . . Now, in 2012 and 2013, this Court is attempting to use [Appellant's] attempt at fairness and compassion against [Appellant]. This is not equitable!

Appellant's Mot. for Reconsideration 5–6, ECF No. 23. Appellant continues:

> Upon becoming an attorney the undersigned affirmed that he "will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed." Michigan Lawyer's Oath. Just because [Mr. Bunting] owes [Appellant] and/or the undersigned a large sum of money that does not give the undersigned an excuse to violate these principles.

*Id*. at 6. Thus, Appellant expressly acknowledges that his principal concern in the bankruptcy litigation was caring not for his own interests, but those of his client, Mr. Bunting. Appellant expressly acknowledges that he acted as the Debtor's attorney. His agent. His proxy.[2]

Appellant's first argument does not identify a palpable defect in the Court's order.

**B**

Next, Appellant asserts that Court erred because "Kozlowski is not entitled to interest on her claim." Appellant's Mot. 7.

---

[2] *See generally Webster's Third New International Dictionary* 1828 (unabridged ed. 2002) (defining "proxy" as "the act or practice of a person serving . . . as an authorized agent or substitute for another"; "a person authorized to act for another").

The bankruptcy court overruled this objection based on the *Rooker-Feldman* doctrine. *See* Appellant's Br. 40–41, ECF No. 17. This Court affirmed, explaining that the issues that Appellant seeks to litigate —how much Debtor owes the Appellee and whether the Appellee has liens on Debtor's properties — are inextricably intertwined with the prior judgments of the Michigan state courts. And Appellant's own testimony before the bankruptcy court demonstrates that he seeks to undo those prior judgments on behalf of his client, Mr. Bunting.

The Sixth Circuit instructs that under the *Rooker-Feldman* doctrine an attorney "(whether on behalf of his clients or on his own behalf) cannot seek in federal court to undo a state court judgment." *Fieger v. Ferry*, 471 F.3d 637, 644 n.4 (6th Cir. 2006). The bankruptcy correctly concluded that Appellant's objections are barred by the *Rooker-Feldman* doctrine.

Appellant's second argument does not identify a palpable defect in the Court's order.

### C

Appellant's third argument is that he should be permitted discovery. The bankruptcy court denied Appellant's request based on the *Rooker-Feldman* doctrine, explaining Appellant "has taken on the mantle of [Mr. Bunting] to advance his claims." Appellant's Br. 43 (quoting Opinion Regarding Continuing Objections Filed By Debtor, Sandweiss, and Jahr to Claim of Kozlowski, *In re Bunting*, No. 07-20864 (Bankr. E.D. Mich. Sept. 29, 2011), ECF No. 974). For reasons discussed above, this Court agrees.

Appellant's third argument does not identify a palpable defect in the Court's order.

### D

Finally, Appellant "asks this Court to reconsider its determination that the *Rooker-Feldman* doctrine bars [Appellant's] attempts to challenge Kozlowski's claim." Appellant's Mot. 10. In support, Appellant reiterates the arguments previously made in its appeal brief.

Motions for reconsideration, as noted, will be denied if they "merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3). The motion for reconsideration filed by Appellant does just this.

As this Court previously observed when first presented with the dispute, this case "has, in course of time," seen "a long procession of judges come in and gone out," yet still the case "drags its weary length before the Court." *Stern v. Marshall*, 131 S. Ct. 2594, 2600 (2011) (brackets and ellipsis omitted) (quoting Charles Dickens, *Bleak House*, *in* 1 *Works of Charles Dickens* 4–5 (1891)). Its time before this Court, however, now comes to a close.

## IV

Accordingly, it is **ORDERED** that Appellant's motion for reconsideration (ECF No. 23) is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 1, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 1, 2013.

s/Tracy A. Jacobs  
TRACY A. JACOBS
